25734. McKINNON et al. v. NEUGENT.

Submitted April 14, 1970—Decided May 7, 1970.

*J. Laddie Boatright,* for appellants.

*Vickers Neugent,* for appellee.

Felton, Justice. On the prior appearance of this case in this court, *McKinnon v. Neugent,* 225 Ga. 215 (167 SE2d 593), it was ruled that the appellee was entitled to an injunction against the appellants if she could prove that the location of the mo-

bile home on the property violated any, or all, of the restrictions contained in the deed from her under which appellants hold title to the property. Subsequently, on June 9, 1969, after a hearing, the trial court granted an *interlocutory* injunction enjoining appellants' violation of the restrictive covenants. In January 1970, appellee filed application for contempt against appellants for their refusal to comply with the said interlocutory injunction. The trial court entered an order adjudging appellants in contempt "with the privilege of purging themselves of contempt by removing the structures violating the restrictive covenants . . . ," from which judgment the contemnors appeal.

"On the hearing of an application for an interlocutory injunction, the trial judge should not undertake to finally adjudicate issues of fact, but should determine questions of evidence only to the extent necessary to decide whether interlocutory relief should be granted." *Oliver v. Forshee*, 224 Ga. 200 (1) (160 SE2d 828). Under the principle of balancing equities, which this court recently applied in *Stephens v. State Hwy. Dept.*, 223 Ga. 713 (157 SE2d 751), an interlocutory injunction should be refused where its grant would operate oppressively on the defendant's rights, especially in such a case that the denial of the temporary injunction would not work "irreparable injury" to the plaintiff or leave the plaintiff "practically remediless" in the event it "should thereafter establish the truth of (its) contention." *Burnham v. State Hwy. Dept.*, 224 Ga. 543, 549 (163 SE2d 698), quoting from *Everett v. Tabor*, 119 Ga. 128, 130 (146 SE 72). Regardless of the effect of the repeal of *Code* § 55-110 by Ga. L. 1966, p. 609 et seq., as amended by Ga. L. 1967, p. 226 et seq. (*Code Ann.* § 81A-201) on any *permanent* injunction to be granted, and regardless of whether the structures here required to be removed were so attached to the property as to be considered permanent structures, as in the *Stephens* case, supra, or otherwise, as in the *Burnham* case, supra, the court's injunctive order, inasmuch as it required the removal of the structures from the property and the doing of all the acts which a permanent injunction would require, amounted to a permanent injunction, which was beyond the authority of the judge to render at the interlocutory hearing. *Burnham*, supra, p. 549,

citing *Hardy v. Thomas*, 208 Ga. 752 (7) (69 SE2d 609). Moreover, to have denied the temporary injunction or, at least, to have not required the performance of affirmative action, would not work "irreparable injury" to the present plaintiff or leave her "practically remediless" in the event she should establish the truth of her contention on the hearing for a permanent injunction.

Therefore, the trial court abused its discretion in granting the interlocutory injunction as issued and hence the judgment of contempt based upon said invalid injunction must be and is reversed.

*Judgment reversed. All the Justices concur.*