25838. STEPHENS v. GEISE, Executrix.

ARGUED JUNE 8, 1970—DECIDED SEPTEMBER 10, 1970.

*Guy V. Roberts, Jr.,* for appellant.

*Smith, Crisp & Hargrove, Henry L. Crisp,* for appellee.

FELTON, Justice. The trial court abused its discretion in granting an "interlocutory" injunction which required the defendant to take the affirmative action of immediately and completely abandoning possession of the land in question, which action is appropriate to a permanent injunction, issued after a hearing thereon. *McKinnon v. Neugent,* 226 Ga. 331 (174 SE2d 788) and cit. The defendant's answer to the complaint, together with the evidence adduced upon the interlocutory injunction hearing, raised genuine issues of material fact which must be resolved at a permanent injunction hearing. On the issue of Mr. Argo's authority to rent the land in question, for example, at least a prima facie authority was raised by the evidence of defendant's having rented the land through him for a number of years without ever having heard any objections from anyone as to this manner of negotiating the one-year leases. Although defendant's counsel stated at the interlocutory hearing that he had

been unable to secure Argo's presence at that hearing, it is entirely possible that Argo's authority to rent to the defendant could be established at a permanent injunction hearing by Argo's testimony or other evidence. From a review of the evidence adduced at the interlocutory hearing, the substance of which is set out in the statement of facts hereinabove, it is clear that such evidence was not sufficient to authorize the order immediately and completely depriving the defendant of his possession based on the interlocutory hearing. "Moreover, to have denied the temporary injunction or, at least, to have not required the performance of affirmative action, would not work 'irreparable injury' to the present plaintiff or leave her 'practically remediless' in the event she should establish the truth of her contention on the hearing for a permanent injunction." *McKinnon v. Neugent,* supra, p. 333. On the other hand, such "interlocutory" injunction as was here granted, operated oppressively on the defendant's rights, by depriving him of possession of his claimed leasehold in the absence of evidence authorizing a finding that he was not entitled thereto. *McKinnon,* supra, p. 332 and cit.

The trial court was empowered to suspend or modify the injunction after the appeal was taken therefrom, by requiring a bond of plaintiff or otherwise, so as to insure the security of the rights of the defendant adverse party. Ga. L. 1966, pp. 609, 664, as amended, Ga. L. 1967, pp. 226, 239, 240 (*Code Ann.* § 81A-162 (c)). The court took no such action, however, and defendant has remained out of possession of the land since the effective date of the interlocutory injunction.

The judgment of the court immediately enjoining the appellant's possession of his contended leasehold upon the interlocutory injunction hearing is, therefore, reversed.

*Judgment reversed. All the Justices concur.*