## S98A0456. ETHEREDGE v. ALL AMERICAN HUMMER LIMOUSINES, INC.
## S98A0458. ALL AMERICAN HUMMER LIMOUSINES, INC. v. ETHEREDGE.
### (498 SE2d 60)

HUNSTEIN, Justice.

In December 1995 George Etheredge and Jerry Simmons started All American Hummer Limousines, Inc. (All American), a limousine service which utilized a black Hummer limousine as its centerpiece vehicle. Etheredge and Simmons each held a one-half interest in the

---

company. In April 1997 Etheredge purchased a white Hummer limousine to utilize in a new corporation, Hummer Limousines, Inc. Simmons thereafter brought suit against Etheredge alleging, inter alia, breach of fiduciary duty. On May 6, 1997, the trial court ordered the sale of All American's assets, and included among those assets the white Hummer used by Hummer Limousines. The trial court also enjoined Etheredge from operating the competitive limousine service. Etheredge appealed that judgment to the Court of Appeals, which transferred the case to this Court where the matter was docketed as Case No. S98A0456. On June 27, 1997, the trial court issued an order modifying the May 6 order and rescinding the injunctive relief entered against Etheredge. The Court of Appeals granted Simmons' interlocutory application to consider the validity of that subsequent order; that matter was also transferred to this Court and docketed as Case No. S98A0458.

1. In Case No. S98A0458 All American contends that the trial court erred by entering the June 27 order because it had no authority to rule on the issue of injunctive relief absent notice and no authority to modify its May 6 order after the docketing of Etheredge's appeal on June 13, 1997. Under OCGA § 9-11-62 (c),[1] the trial court was authorized to modify its May 6 order so as to protect the rights of either party notwithstanding the pending appeal. See *Stephens v. Geise*, 226 Ga. 639, 642 (176 SE2d 923) (1970). There was at least some credible evidence that the white Hummer was the personal property of Etheredge and was purchased with Etheredge's individual assets after both All American and Simmons were provided the opportunity to join in the purchase. In addition, the June 27 order continued to protect Simmons' interests, in that Etheredge was required to "immediately report all income, bank records, bookings and charters, and customer lists of the white [H]ummer" and to continue to do so until the resolution of the entire case. Under the facts of this case, we therefore conclude that it was not an abuse of the trial court's discretion to rescind that part of the May 6 order directing the transfer of ownership of the white Hummer limousine and enjoining business operations relating to the white Hummer.

2. In Case No. S98A0456 Etheredge contends that the trial court erred when it designated the white Hummer as corporate property and placed it in receivership with the assets of All American in the May 6 order. Pretermitting the issue of whether the trial court

---

[1] OCGA § 9-11-62 (c) provides:
When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms . . . as it considers proper for the security of the rights of the adverse party.

exceeded its authority in entering the May 6 order, the trial court specifically rescinded in the June 27 order those portions of the May 6 order about which Etheredge complains. Because we held in Division 1 that the trial court was authorized to enter the June 27 order, we need not consider the issues raised in this appeal.

*Appeal dismissed as moot in Case No. S98A0456. Judgment affirmed in Case No. S98A0458. All the Justices concur.*

DECIDED APRIL 13, 1998 —
RECONSIDERATION DENIED MAY 14, 1998.

*Langley & Lee, Carl R. Langley, Robert E. Flournoy III,* for Etheredge.

*Van J. Kottis, Bryan M. Hausner, Fine & Block, Kenneth I. Sokolov, Michael Sard, Charles A. Evans,* for All American Hummer Limousines.