## S98G1146. PRUITT CORPORATION v. STRAHLEY.
### (510 SE2d 821)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Strahley v. Pruitt Corp.*, 231 Ga. App. 502 (498 SE2d 78) (1998), and posed this question: Is a nursing home a stranger to a psychologist's professional relationship with residents of the nursing homes? The answer is "no."

Strahley, a psychologist, entered into one-year contracts with two nursing homes to provide counseling services to residents at each facility. Both homes used Strahley's services pursuant to the terms of the contracts. After the contracts expired, Strahley continued to provide counseling services to the residents. However, according to Strahley, the nursing homes severely limited his access to the residents and subsequently notified him that he would no longer be able to provide psychological services to the residents.

Strahley brought suit against Pruitt Corporation, the owner and operator of the nursing homes, alleging that Pruitt denied him "the right to see patients and conduct his business." Strahley sought damages for interference with contractual and business relationships. The trial court granted summary judgment to Pruitt and Strahley appealed. The Court of Appeals affirmed the grant of summary judgment to Pruitt with regard to Strahley's claim of interference with business relations because there was no evidence that Pruitt induced the residents to sever their relationships with Strahley. Id. at 506. But the appellate court reversed the award of summary judgment with regard to Strahley's interference with contract claim, reasoning that Strahley had separate contracts with the residents and that whether Pruitt was a stranger to Strahley's contracts with the residents is a jury question. Id. at 505.

In order to be liable for interference with a contract, a defendant must be both a stranger to the contract and the business relationship giving rise to and underpinning the contract. *Atlanta Market Center Mgmt. Co. v. McLane*, 269 Ga. 604, 610 (503 SE2d 278) (1998). Thus, "all parties to an interwoven contractual arrangement are not liable for tortious interference with any of the contracts or business relationships." Id., citing *Jefferson-Pilot Communications Co. v. Phoenix City Broadcasting &c.*, 205 Ga. App. 57, 60 (421 SE2d 295) (1992), and disapproving statements or holdings to the contrary in *Strahley v. Pruitt Corp.*, 231 Ga. App. 502.

Pruitt and Strahley were parties to an interwoven contractual relationship in which each was responsible, and provided care, for the residents. As the Court of Appeals itself observed, "the relationship between an independent care provider, a resident and the facility is at times such that the parties are 'inextricably bound

together.'" *Strahley*, supra at 505. It follows that Pruitt was not a stranger to Strahley's contracts with residents of the nursing homes.

The Bill of Rights for Residents of Long-term Care Facilities (OCGA § 31-8-100 et seq.) has no bearing on the issue presented by this case. That legislation does not give nursing home residents the right to choose a psychologist — it only gives them the right to choose a physician and a pharmacist. OCGA § 31-8-108. Thus, the venerable principles of statutory construction, *expressio unius est exclusio alterius* (the express mention of one thing implies the exclusion of another) and *expressum facit cessare tacitum* (if some things are expressly mentioned, the inference is stronger that those omitted were intended to be excluded) are applicable. *Morton v. Bell*, 264 Ga. 832, 833 (452 SE2d 103) (1995). The application of these principles leads us to the conclusion that the legislature did not intend to protect a nursing home resident's right to select a psychologist. See id.

Because Pruitt was not a stranger to Strahley's contracts with the residents of Pruitt's facilities, Pruitt was entitled to summary judgment as to Strahley's tortious interference with contract claim. *Atlanta Market Center Mgmt. Co. v. McLane*, supra at 608.

*Judgment reversed. All the Justices concur, except Hines, J., not participating.*

DECIDED JANUARY 19, 1999.

*Clifton, Sanders & Smith, Cecil L. Clifton, Jr.,* for appellant.
*Robert D. Jones,* for appellee.
*Arnall, Golden & Gregory, Glenn P. Hendrix, Henry R. Chalmers, Power & Westbury, James R. Westbury,* amici curiae.