### A99A1660. MERCHANT v. MITCHELL et al.
(525 SE2d 710)

McMURRAY, Presiding Judge.

Appellant-plaintiff, pro se, Hubert W. Merchant, Jr. brought the instant renewal action for abusive litigation[1] against appellees-defendants Marshall Lynn Mitchell, Daveeta C. Johnson, the Southeast Atlanta Resource Center for Housing ("SEARCH"), a nonprofit corporation, Joe A. Weeks, an attorney, and Joe A. Weeks, P.C. The record reflects that Mitchell, represented by Weeks, sued plaintiff in a 1993 action for libel and slander upon ethics charges plaintiff purportedly made against Johnson in running for her seat on the Atlanta City Council. Mitchell then served as Johnson's campaign manager.

Plaintiff appeals principally from the superior court's orders: (a) granting summary judgment to Johnson dismissing her from the instant action and finding plaintiff's claims against Johnson barred by the doctrine of res judicata, (b) granting SEARCH's motion to dismiss for failing to state a claim for which relief can be granted upon finding that plaintiff "failed to allege any specific acts committed against him by . . . SEARCH or identify any injury that he suffered as a result of any conduct by SEARCH whatsoever," and (c) granting summary judgment to attorney Weeks and Joe A. Weeks, P.C., dismissing each from this action because plaintiff failed to comply with the notice provisions of OCGA § 51-7-84 requiring notification to them by letter of his intent to pursue a claim of abusive litigation against them personally. *Held*:

1. Plaintiff contends that the superior court erred in dismissing attorney Weeks and Joe A. Weeks, P.C. from this action for giving insufficient notice of abusive litigation under OCGA § 51-7-84. The record shows that plaintiff gave written notice of this action for abusive litigation to Mitchell alone in December 1993, rather than to attorney Weeks and Joe A. Weeks, P.C. A second letter, dated June 20, 1994, gave attorney Weeks notice that plaintiff's action was directed against him personally, but this letter is immaterial as it was sent a month after the complained-of action for libel and slander

---

[1] Plaintiff's complaint also alleged a pattern of threats and assaults against Mitchell and conspiracy to defraud the public against both Mitchell and Johnson.

had been dismissed. Accordingly, we conclude that the superior court properly dismissed attorney Weeks and Joe A. Weeks, P.C. as defendants in the instant action for plaintiff's failure to give written notice that he intended to sue them for abusive litigation personally. OCGA § 51-7-84 (a); *Payne v. Kanes*, 234 Ga. App. 524, 527 (1) (507 SE2d 266); *Talbert v. Allstate Ins. Co.*, 200 Ga. App. 312, 313 (2) (408 SE2d 125).

2. In several enumerations of error, plaintiff contends that the superior court erred: (a) in granting SEARCH's motion to dismiss for failing to state a claim for which relief can be granted, (b) in failing to stay the instant action during the pendency of SEARCH's bankruptcy, and (c) in denying his motion to disqualify attorney Weeks for his status as SEARCH's attorney and as Mitchell's "alter ego" in the action against plaintiff for libel and slander.

The superior court granted SEARCH's motion to dismiss for failure to state a claim for which relief may be granted, finding that the plaintiff "failed to allege any specific facts committed against him by [SEARCH] or identify any injury that he suffered as a result of any conduct by [SEARCH] whatsoever." Plaintiff's complaint neither alleges facts specifying acts of commission or omission committed against him by SEARCH nor of resulting injury inuring to his detriment. We conclude that the trial court properly dismissed SEARCH from this action. OCGA § 9-11-52 (a trial court's findings of fact will not be set aside on appeal unless clearly erroneous). In light of the foregoing, the superior court properly denied as moot plaintiff's motion to disqualify attorney Weeks as SEARCH's attorney herein, and there was no requirement to stay the proceedings upon SEARCH's alleged bankruptcy. Under these circumstances, the foregoing claims of error are deemed to be without merit.

3. In four enumerations of error, the plaintiff complains of superior court orders: (a) denying him fees for expenses of litigation, (b) directing the parties to file no further pleadings, (c) denying his motions to compel discovery, and (d) denying as moot his motion to disqualify the attorney provided to Johnson by the City of Atlanta. Inasmuch as these allegations of error arose in the action plaintiff voluntarily dismissed before filing the instant renewal action, they are not before us on appeal. OCGA § 5-6-38 (a); *Jarrard v. Copeland*, 205 Ga. App. 20, 21 (421 SE2d 84). Accordingly, these claims of error are without merit.

4. Further, plaintiff contends that the superior court erred in granting Johnson summary judgment and dismissing her as a defendant in this action based upon the doctrine of res judicata.

Res judicata lies upon satisfaction of three prerequisites: "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of compe-

tent jurisdiction." *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866 (1) (463 SE2d 5). In the case sub judice, plaintiff avers that "[a]ll parties are the same. The allegations are substantially the same." In this regard, it is undisputed that plaintiff did not appeal from the order dismissing Johnson as a defendant before his voluntary dismissal of the underlying action. OCGA § 5-6-38 (a); *Askren v. Allen*, 132 Ga. App. 292, 293 (1) (208 SE2d 165). Further, in dismissing Johnson from this action upon grant of summary judgment, the superior court at Johnson's request directed "entry of final judgment as to Defendant Johnson upon the express determination that there is no just reason for delay." Such order constituted a final adjudication upon the merits thereof. OCGA § 9-11-41 (b) (2). See also OCGA § 9-11-54 (b); *Culwell v. Lomas &c. Co.*, 242 Ga. 242, 243 (248 SE2d 641). Plaintiff concedes that the order was issued by a court of competent jurisdiction, and the finality of the order was unaffected by plaintiff's action voluntarily dismissing the lawsuit. *Guillebeau v. Yeargin*, 254 Ga. 490, 492 (1) (330 SE2d 585).

There thus being identity of the parties, identity of the subject matter, and final adjudication on the merits by a court of competent jurisdiction, the defense of res judicata lies. Accordingly, this claim of error is without merit.

5. Plaintiff does not support his second and fifth enumerations of error by citation of authority or argument. Accordingly, these claims of error are deemed abandoned. See Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 18, 1999 —
RECONSIDERATION DENIED DECEMBER 1, 1999 —

Hubert W. Merchant, Jr., *pro se.*
Joe A. Weeks, pro se.
*Bernard R. Thomas, Sr., Lemuel H. Ward, Susan P. Langford,* for appellees.