A00A1931, A01A0003. BELL v. BELL et al. (two cases).
(543 SE2d 455)

MILLER, Judge.

In Case No. A00A1931, Edward Bell appeals an injunction requiring him to comply with a settlement agreement to remove his personal property and mobile home from the premises of Olin Bell. Edward's argument that the settlement agreement deprived him of his right to a jury trial in various suits is without merit, as he agreed to dismiss and did dismiss those suits as a part of the agreement. Thus, we affirm the judgment in Case No. A00A1931.

In Case No. A01A0003, Edward appeals an order finding him in contempt for failing to remove his personal property from Olin's premises in accordance with the injunction. Since a court retains jurisdiction to enforce orders that are not suspended, the pendency of the appeal in Case No. A00A1931 did not deprive the court of the

---

authority to issue the contempt order to enforce its injunction. Thus, we also affirm the judgment in Case No. A01A0003.

### Case No. A00A1931

1. In a settlement announced in open court and approved by the judge in Edward's presence, Edward through his counsel agreed to dismiss various suits he had brought against Olin and to remove his personal property and mobile home from Olin's premises by certain dates. When Edward dismissed the actions but did not remove the property, Olin filed an action for an injunction to compel the removal. After a hearing, the court granted the injunction and ordered Edward to remove the property within 15 days. Acting pro se, Edward appealed this ruling, enumerating as error that the agreement deprived him of his constitutional right to a jury trial in the dismissed cases and that the attorney representing him at the settlement hearing was in fact not his attorney.

In his brief, Edward fails to support his enumerations of error with any citations to the record or with any citations to authority or argument. Accordingly, these enumerations are deemed abandoned under Court of Appeals Rule 27 (c) (2).[1]

Even if we considered the enumerations, they would fail. Through counsel, Edward agreed to dismiss the cases against Olin and in fact did so, thereby voluntarily waiving his right to a jury trial in those cases.[2] His counsel had the authority to make this agreement,[3] especially since Edward remained silent in the courtroom when the agreement was announced by his counsel and approved by the court. Also significant is that Edward does not challenge the existence or terms of the agreement, but only challenges the attorney's authority to enter into it. Under such circumstances, he is bound to the agreement even in the absence of a writing or detrimental reliance on the part of Olin.[4]

Finally, to the extent Edward is complaining that he did not receive a jury trial in the present injunction case, the right to a jury trial is not guaranteed in equity cases.[5]

2. Edward contends that the attorney purporting to represent

---

[1] *Merchant v. Mitchell*, 241 Ga. App. 173, 175 (5) (525 SE2d 710) (1999).

[2] See *In re Woodall*, 241 Ga. App. 196, 202 (2) (d) (526 SE2d 69) (1999) (party in civil suit may implicitly waive right to jury trial by his conduct). See also *Herring v. Dunning*, 213 Ga. App. 695, 698 (446 SE2d 199) (1994) (whole court) (promise to terminate controversy or litigation is a necessary implication to an "offer to settle").

[3] *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 676 (2) (308 SE2d 544) (1983) (attorney has apparent authority to enter into a binding settlement agreement on client's behalf); see generally OCGA § 15-19-5.

[4] *Brumbelow*, supra, 251 Ga. at 676-677 (2).

[5] *Cawthon v. Douglas County*, 248 Ga. 760, 761-764 (1) (286 SE2d 30) (1982).

him at the settlement hearing was in fact not his attorney. This is belied by Edward's admissions in his pro se answer, which are binding admissions in judicio.[6]

### Case No. A01A0003

3. Edward argues that because of the pending appeal in Case No. A00A1931, the trial court lacked the authority to hold a contempt hearing and to hold him in contempt for failing to remove his property as required by the injunction. But after Edward filed his appeal in Case No. A00A1931, he did not obtain any order from the trial court to stay the injunction. Accordingly, the injunction was not stayed during the pendency of the appeal.[7] In our view, the trial court therefore had the authority to protect Olin's rights, notwithstanding the pending appeal,[8] through scheduling a contempt hearing and finding Edward in contempt for failing to comply with the injunction.

4. In three enumerations of error, Edward also complains that a subsequent dispossessory action, filed by Olin and transferred to the same court as the injunction action, was unauthorized in that the dispossessory action concerned the same subject matter as the injunction on appeal. He fails to cite any authority or argument in support of these enumerations, thereby abandoning them.[9]

*Judgments affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 7, 2000 —
RECONSIDERATION DISMISSED JANUARY 4, 2001 —

Edward Bell, *pro se.*
*Jones, Hilburn & Claxton, James V. Hilburn,* for appellees.

---

[6] OCGA § 24-4-24 (b) (7); *NationsBank v. Tucker,* 231 Ga. App. 622, 624-625 (2) (500 SE2d 378) (1998).

[7] OCGA § 9-11-62 (a) (unless ordered otherwise, an injunction shall not be stayed during the pendency of an appeal). Compare OCGA § 9-12-19.

[8] See *Etheredge v. All American Hummer Limousines,* 269 Ga. 436, 437 (1) (498 SE2d 60) (1998).

[9] Court of Appeals Rule 27 (c) (2).