A02A1709. WATKINS v. HERETH et al.
(570 SE2d 629)

PHIPPS, Judge.

Robert Watkins filed this pro se action for damages against Colonial Gardens of Warner Robins, LLC and its president Jack Hereth. The trial court dismissed his complaint for failure to state a claim for which relief could be granted, and Watkins appeals. "A motion to dismiss for failure to state a claim should not be sustained unless the allegations of the complaint reveal, with certainty, that plaintiff would not be entitled to relief under any state of provable facts asserted in support thereof."[1] Although numerous issues are raised in the appeal, this case ultimately turns on the question of whether the allegations of the complaint state a claim for relief against Colonial Gardens and Hereth for tortious interference with an oral agreement

---

[1] *DeKalb County v. State of Ga.*, 270 Ga. 776, 779 (2) (512 SE2d 284) (1999).

between Watkins and Jerome and Caroline Buford. Answering that question in the negative, we affirm.

According to Watkins, Jerome and Caroline Buford owned an assisted living center which they sold to Colonial Gardens and Hereth under an asset purchase agreement. Watkins alleges that the Bufords orally agreed to remit to him and his wife one-half of the proceeds from the sale of the center in consideration of services he and his wife had rendered to the center. At the closing of the center's sale, Hereth executed a $230,000 promissory note in favor of the Bufords. Hereth later stopped making payments under the note and made a demand for arbitration under the asset purchase agreement, based on a claim that the Bufords had artificially inflated the purchase price for the center by failing to disclose the value of the services rendered by the Watkinses. The Bufords settled the arbitration proceeding by reducing the balance due on the note to $80,000.

Watkins claims that prior to the closing of the asset purchase agreement, Colonial Gardens and Hereth were fully aware of the services rendered by the Watkinses. Watkins maintains that in filing the arbitration proceeding and reducing the amount due under the promissory note, Colonial Gardens and Hereth conspired with the Bufords to deprive the Watkinses of the full amount of money they were entitled to under their oral agreement with the Bufords.

Under a line of cases represented by *First Mtg. Corp. v. Felker*,[2] *Kenimer v. Ward Wight Realty Co.*,[3] and *Wometco Theatres v. United Artists Corp.*,[4] the court did not err in ruling that these allegations do not state a claim for relief against Colonial Gardens and Hereth.

Factually, *Kenimer* is most similar to this case. In *Kenimer*, a real estate agent's contract of employment with a realty company entitled the agent to payment of commissions on a management contract between the realty company and an apartment owner. After the realty company and apartment owner cancelled the management contract by mutual consent, the real estate agent filed suit against the realty company and two of its directors. The agent claimed that the directors had induced the corporate defendant to cancel the management contract for the purpose of depriving the agent of the fees to which he was entitled. The question for decision was whether these allegations were sufficient to state a cause of action for damages for tortious interference with contractual relations. Answering that question in the negative, this court reasoned that

> The [agent] was not a party to the contract between [the realty company] and the [apartment owner], and had no

[2] 158 Ga. App. 14, 15 (1) (279 SE2d 451) (1981).
[3] 109 Ga. App. 130 (135 SE2d 501) (1964).
[4] 53 Ga. App. 509, 513 (2) (186 SE 572) (1936).

interest in said contract by assignment or otherwise. He was entitled under the allegations of the petition to a percentage of the income which inured to the realty company under its management contract with [the apartment owner]; but that right arose out of his employment contract with the realty company and not out of the management agreement. . . . The [agent] was a stranger or third party in relation to the management contract . . . , and cancellation of that contract by the mutual consent of the parties thereto could in no way affect the rights of the [agent] and the obligations of the defendant realty company under the contract of employment between those parties.[5]

*Kenimer* concluded that the failure of the realty company to pay the agent commissions to which he was entitled under the employment contract could only constitute a breach of that contract and would afford no basis for an action in tort against those who were not parties to the employment contract.

Here, as in *Kenimer*, Watkins was not a party to the contract, i.e., promissory note, between the Bufords and Hereth, and he had no interest in the note by assignment or otherwise. Watkins alleges in his complaint that he was entitled to a percentage of the money paid to the Bufords under the promissory note with Hereth. But that right arose out of the oral agreement between the Watkinses and the Bufords. The Bufords and Hereth were legally entitled to compromise their promissory note. Although Watkins may have a claim against the Bufords for breach of contract, he has no claim against Hereth or Colonial Gardens for tortious interference with contractual relations.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 27, 2002.

*Clifton Boone*, for appellant.
*Friedman, Dever & Merlin, Douglas M. Robinson*, for appellees.

---

[5] 109 Ga. App. at 133.