A02A2135. LaSONDE v. CHASE MORTGAGE COMPANY et al.
(577 SE2d 822)

Johnson, Presiding Judge.

Jack LaSonde filed a complaint against Chase Mortgage Company f/k/a Chemical Mortgage Company, Chase Manhattan Mortgage Corporation (collectively "Chase Mortgage"), and Wayne McGregor seeking damages and equitable relief claiming Chase Mortgage wrongfully interfered with McGregor's agreement to sell LaSonde real property. LaSonde also claimed that Chase Mortgage is liable for abusive litigation for filing a dispossessory action against him. This is an appeal from the dismissal of two counts of LaSonde's three-count complaint.

The following facts are undisputed: Cleveland Watkins purchased residential real estate with a loan from Chase Mortgage Company f/k/a Chemical Mortgage Company. The promissory note was secured by a security deed assigned to Chase Mortgage. Watkins sold the property to McGregor, and McGregor sought approval from Chase Mortgage to allow him to assume the loan. Chase Mortgage denied McGregor's request.

McGregor then entered into a contract with LaSonde in which LaSonde would lease the property from McGregor with an option to purchase it. LaSonde moved into the residence and, in December 1999, exercised the purchase option and entered into a sales contract with McGregor. McGregor then told LaSonde that the loan on the property was assumable, but that there was a dispute and that Chase Mortgage refused to provide him with payoff information. The loan went into default, and the property was foreclosed upon. Chase Mortgage bought the property at the foreclosure sale and filed a dispossessory action against Watkins and LaSonde. The trial court granted the writ of possession.

A few days later, LaSonde proceeded to close on the purchase of the property with funds he borrowed from another lender. After the loan closed, LaSonde filed the underlying suit.

In Count 1 of the complaint, LaSonde sought relief from Chase Mortgage, claiming it interfered with his sales contract with McGregor by refusing to provide McGregor with payoff information on the

loan and refusing to accept payments from McGregor. In Count 2, LaSonde alleged Chase Mortgage was liable for abusive litigation because it filed the dispossessory action. In Count 3, LaSonde sought specific performance from all three defendants.

The trial court dismissed Counts 1 and 2 of the complaint, holding there could be no action for tortious interference with contract because Chase Mortgage was not a stranger to the contract between LaSonde and McGregor. At that time, the trial court did not enter judgment on Count 3. LaSonde filed a direct appeal from the order of dismissal, but this Court dismissed the appeal.[1] Later, the trial court granted summary judgment to Chase Mortgage and McGregor on Count 3 of the complaint, noting that Count 3 had been rendered moot because LaSonde had already received the relief requested in that count. LaSonde now appeals from the order granting summary judgment, which incorporates by reference the earlier order dismissing Counts 1 and 2 of the complaint.

1. LaSonde contends the trial court erred in dismissing Count 1 for failure to state a claim upon which relief could be granted.[2] There was no error.

In order to be liable for interference with a contract, a defendant must be a stranger to both the contract and the business relationship giving rise to and underpinning the contract.[3] One is not a stranger to the contract just because he is not a party to the contract.[4] A tortious interference claim requires, among other things, wrongful conduct by the defendant without privilege; "privilege" means legitimate economic interests of the defendant or a legitimate relationship of the defendant to the contract, so that he is not considered a stranger, interloper, or meddler.[5] A person with a direct economic interest in the contract is not a stranger to the contract.[6] Parties to an interwoven contractual arrangement are not liable for tortious interference with any of the contracts or business relationships.[7]

It is clear that Chase Mortgage was not a stranger to the sales contract between LaSonde and McGregor. Chase Mortgage held the note and security deed to the property at issue. Indeed, Chase Mortgage was responsible for deciding whether to permit LaSonde or McGregor to assume the loan on the property. Chase Mortgage had a

---

[1] Case No. A02A0954, dismissed February 15, 2002.

[2] See OCGA § 9-11-12 (b) (6).

[3] *Pruitt Corp. v. Strahley*, 270 Ga. 430 (510 SE2d 821) (1999).

[4] *Atlanta Market Center Mgmt. Co. v. McLane*, 269 Ga. 604, 608 (2) (503 SE2d 278) (1998).

[5] *Disaster Svcs. v. ERC Partnership*, 228 Ga. App. 739, 740-741 (492 SE2d 526) (1997).

[6] *Atlanta Market Center Mgmt.*, supra at 609 (2).

[7] *Pruitt Corp.*, supra.

direct economic interest in the property which was the subject of the sales contract.

A motion to dismiss for failure to state a claim should be sustained if the allegations of the complaint reveal, with certainty, that the plaintiff would not be entitled to relief under any state of provable facts asserted in support of the complaint.[8] Because the complaint reveals with certainty that Chase Mortgage was not a stranger to the sales contract, the trial court properly dismissed LaSonde's claim based on tortious interference with contract.[9] We note that the trial court's decision is consistent with the Supreme Court's express desire to limit the number of entities against which a claim of tortious interference with contract may be maintained.[10]

2. LaSonde argues that the trial court erred in dismissing Count 2 for failure to state a claim upon which relief could be granted. He urges that the trial court's findings, namely that Chase Mortgage succeeded in obtaining a writ of possession and that LaSonde failed to give written notice of his intent to file an action for abusive litigation, were issues of fact. Therefore, he maintains, the issues should have been submitted to a jury. We disagree.

OCGA § 51-7-82 (c) provides that it is a complete defense to any claim for abusive litigation that the person against whom the claim is asserted was substantially successful on the issue forming the basis for the claim of abusive litigation in the underlying civil proceeding. Chase Mortgage succeeded in obtaining the writ of possession against LaSonde, and the judgment in that case was not appealed. Chase Mortgage's success precludes LaSonde's recovery for abusive litigation.

Moreover, OCGA § 51-7-84 (a) requires that the allegedly injured party give written notice to the other party that he intends to sue for abusive litigation in order to give the potential defendant the opportunity to withdraw the allegedly abusive action or pleading. It is undisputed that no such notice was given to Chase Mortgage. Thus, the trial court properly dismissed Count 2 of the complaint.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JANUARY 31, 2003 —
RECONSIDERATION DENIED FEBRUARY 20, 2003 —

---

[8] *Watkins v. Hereth*, 257 Ga. App. 184 (570 SE2d 629) (2002).

[9] See id.

[10] Id.

Jack LaSonde, *pro se.*
*Stites & Harbison, John C. Porter, Jr.,* for appellees.