ANDREWS, Presiding Judge.
 

 BKJB Partnership, Robert Cheeley, Keith Breedlove, James Butler, Jr., and Bobby Thomas (collectively, BKJB), plaintiffs below,
 

 **863
 

 appeal from the trial court's denial of their motion for partial summary judgment, grant of Richard Moseman's motion for summary judgment, and grant of Geoffrey Gitner's motion to dismiss for failure to state a claim. Gitner cross-appeals from the trial court's denial of his motion to dismiss for lack of personal jurisdiction. For reasons that follow, we affirm in BKJB's appeal and therefore, we need not address Gitner's cross-appeal.
 

 This case arose as the result of a business venture by Moseman, Daniel Rousseau and Blake Van Leer to operate refuse disposal landfill sites in Maryland and Virginia. After encountering financial difficulties with the venture, Moseman, Rousseau and Van Leer transferred 25 percent of the issued and outstanding stock in the corporations to BKJB in exchange for a $5 million loan.
 
 Moseman v. Van Leer,
 

 263 F.3d 129
 
 , 131 (4th Cir.2001). Subsequently,
 

 [a]ccording to Moseman and Rousseau, on November 20, 1995, Van Leer informed them that there was a `problem,' that the King George landfill site was nearly worthless and that BKJB would not provide additional funding unless Moseman, Rousseau and Van Leer gave up another 40% of their stock together with executed proxies in favor of BKJB. The 40% stock interest was transferred. The right to vote the remaining shares was assigned to BKJB in exchange for another $1 million.
 

 Id.
 

 The business was eventually sold and each of the parties negotiated their own agreements with the buyer.
 
 Moseman,
 

 supra at 132
 
 . In connection with the sale, each party signed mutual releases "of all claims[,] specifically disclaiming any reliance on representations by any other party to the transaction."
 
 Id.
 

 Several months after the transactions were concluded, Moseman and Rousseau discovered the actual amount of consideration paid for the landfill. They sued the other parties, including BKJB, in the United States District Court for the District of Maryland, claiming that they were fraudulently induced to dilute their ownership interest when Van Leer told them the landfill was virtually worthless and they signed over their stock interest to BKJB. They also claimed that Van Leer "fraudulently led them to believe that the total value of the Sanifill transaction was lower than it actually was, thus preventing them from negotiating a more lucrative
 
 *876
 
 agreement for themselves."
 
 Moseman,
 

 supra at 132
 
 .
 

 **864
 

 The district court granted summary judgment to defendants and the Fourth Circuit Court of Appeals affirmed, holding that Moseman's and Rousseau's claims were barred by the releases they had signed.
 
 Moseman,
 

 supra at 134
 
 .
 

 BKJB then filed a motion for attorney fees and costs in district court, claiming that Moseman and Rousseau should have known that their claims were barred by the releases and requesting, pursuant to the court's inherent powers and
 
 28 USC § 1927
 
 ,
 
 [1]
 
 $365,286 in fees and costs from plaintiffs and their counsel. The district court denied the motion, finding that although "Plaintiffs' ... arguments were insufficient as a matter of law" for purposes of summary judgment, they were not "entirely without color."
 

 BKJB then filed the Complaint in the instant case in Fulton County State Court. They filed a claim for breach of contract against Moseman for breaching the release;
 
 [2]
 
 they also filed a claim for "inceptive fraud" against Moseman, alleging that when Moseman signed the release, he knew he was going to breach it. In addition, BKJB filed a claim for tortious interference with contract against Moseman and Geoffrey Gitner, Moseman's and Rousseau's lawyer in the Maryland lawsuit, alleging that Gitner, in concert with Moseman, induced Rousseau to breach his release.
 

 Moseman filed a motion for summary judgment, Gitner filed a motion to dismiss for failure to state a claim, and BKJB filed a motion for partial summary judgment. The trial court, without explanation, granted Gitner's motion to dismiss and Moseman's motion for summary judgment, and denied BKJB's motion for partial summary judgment. This appeal followed.
 

 Case No. A06A1837
 

 1. First, BKJB argues that the trial court erred in denying its motion for partial summary judgment. BKJB contends that the facts underlying this litigation are beyond dispute; they have been judicially determined in litigation between these parties in the United States District Court for the District of Maryland and affirmed by the Fourth Circuit Court of Appeals. We agree and we also conclude that the trial court correctly denied BKJB's motion for partial summary judgment and granted Moseman's motion for summary judgment
 

 **865
 

 and Gitner's motion to dismiss because BKJB's claims in the instant case are precluded by the earlier Maryland litigation.
 

 In determining the claim-preclusive effect of the previous judgment, we apply "the law that would be applied by state courts in the State in which the first federal diversity court sits...." (Punctuation omitted.)
 
 Q Intl. Courier v. Smoak,
 

 441 F.3d 214
 
 , 218 (4th Cir.2006) (citing
 
 Semtek Intl. v. Lockheed Martin Corp.,
 

 531 U.S. 497
 
 , 508,
 
 121 S.Ct. 1021
 
 ,
 
 149 L.Ed.2d 32
 
 (2001)). Accordingly, we apply Maryland law in deciding this issue.
 

 Under Maryland law, the rules of claim preclusion, also called res judicata, are triggered when matters related to earlier litigation are raised in subsequent litigation. Claim preclusion applies when the subsequent litigation is based upon the same claim or cause of action as a claim or cause of action from the earlier litigation. It operates to bar later judicial consideration of all matters based upon that same claim, without regard to whether or to what extent those matters may have been raised in the earlier litigation.
 
 See Colandrea v. Wilde Lake Community Assn.,
 

 361 Md. 371
 
 , 388-389,
 
 761 A.2d 899
 
 (2000). Under Maryland law, the requirements for a finding of res judicata or claim preclusion are that: (1) the parties to the subsequent litigation be the same or in
 
 *877
 
 privity with the parties to the earlier litigation, (2) the subsequent litigation presents the same cause of action or claim as the earlier litigation, and (3) a court of competent jurisdiction has rendered a valid final judgment on the merits in the earlier litigation.
 
 FWB Bank v. Richman,
 

 354 Md. 472
 
 , 492,
 
 731 A.2d 916
 
 (1999).
 

 Here, the parties are the same as those in the Maryland litigation and there was a valid final judgment on the merits rendered in that litigation. As to the second requirement:
 

 When an earlier court has actually ruled on the matter sought to be litigated in a second court, the "same claim" analysis is usually straightforward. It has long been established that a judgment between the same parties or their privies upon the same cause of action is conclusive "not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit." In dealing with that issue, we have adopted the "transactional" approach set forth in § 24 of the Restatement (Second) of Judgments: "When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." In deciding whether a factual
 

 **866
 

 grouping constitutes a "transaction," the Restatement directs a pragmatic approach, giving weight to such considerations as whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.
 

 (Citations and punctuation omitted.)
 
 Colandrea,
 

 supra at 389-390
 
 ,
 
 761 A.2d 899
 
 .
 

 In this case, BKJB's claims in both federal and state court were based on the same transaction and also sought redress for the same wrongs. Therefore, these claims are precluded and are thus barred from being raised in any subsequent litigation. The trial court did not err in denying BKJB's motion for partial summary judgment.
 

 2. BKJB also claims that the trial court erred in granting Moseman's motion for summary judgment. Although our holding in Division 1, supra, includes all of the counts in this suit, we note that BKJB's claim for tortious interference against Moseman also fails because the law is clear that "all parties to an interwoven contractual arrangement are not liable for tortious interference with any of the contracts or business relationships."
 
 Benefit Support v. Hall County,
 

 281 Ga.App. 825
 
 , 830,
 
 637 S.E2d 763
 
 (2006). See also
 
 Pruitt Corp. v. Strahley,
 

 270 Ga. 430
 
 ,
 
 510 S.E.2d 821
 
 (1999) (claim for tortious interference with contractual relations requires proof that the defendant is a stranger to the contract with which the defendant allegedly interfered and to the business relationship giving rise to the contract).
 

 3. Likewise, BKJB's claim for tortious interference with a contract against Gitner also fails for additional reasons; the main one being that a claim for tortious interference with contractual relations cannot be predicated upon an allegedly improper filing of a lawsuit. See
 
 Phillips v. MacDougald,
 

 219 Ga.App. 152
 
 , 157,
 
 464 S.E.2d 390
 
 (1995).
 

 Case No. A06A1838
 

 In light of our decision in Case Number A06A1837, holding that the trial court did not err in granting Gitner's motion to dismiss for failure to state a claim, we need not address Gitner's cross-appeal from the trial court's denial of his motion to dismiss for lack of personal jurisdiction.
 

 Judgment affirmed.
 

 MILLER, J., concurs.
 

 ELLINGTON, J., concurs in the judgment only.
 

 ---------------
 

 **867
 

 Notes:
 

 1.
 
 This Code section provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."
 

 2.
 
 The complaint for breach of the release was also filed against Rousseau, but he was subsequently dismissed from this lawsuit.
 

 ---------------