A09A1996. PARAMOUNT TAX AND ACCOUNTING, LLC et al. v. H & R BLOCK EASTERN ENTERPRISES, INC.

(684 SE2d 114)

BLACKBURN, Presiding Judge.

Paramount Tax and Accounting, LLC ("Paramount") and Mary Squire appeal from an order finding them in civil contempt based upon their alleged violation of a preliminary injunction order entered against them and in favor of Squire's former employer, H & R Block Eastern Enterprises, Inc. ("Block"). Because this Court previously reversed in part and vacated in part the injunction in question (*Paramount Tax & Accounting v. H & R Block Eastern Enterprises*[1] ("*Paramount I*")), we must reverse the finding of contempt.

As set forth more fully in *Paramount I*, supra, Block sued Paramount and Squire, asserting a breach of employment contract claim against Squire and a claim for misappropriation of trade secrets against both Paramount and Squire. Following a hearing on Block's motion for an interlocutory injunction, the trial court found that the restrictive covenants contained in Squire's employment contract with Block were enforceable, that the information contained in Block's computerized client database constituted a trade secret, and that Paramount and Squire had acted together to misappropriate that trade secret. Based on these findings, the trial court entered an order: (1) enjoining Squire from engaging in any conduct that violated the noncompetition and nonsolicitation covenants found in her employment contract; and (2) enjoining Paramount and Squire from performing any tax preparation work for any of the 16,000 individuals and entities listed in the Block client

---

[14] *Jones v. State*, 270 Ga. 25, 28 (7) (505 SE2d 749) (1998).

[1] *Paramount Tax & Accounting v. H & R Block Eastern Enterprises*, 299 Ga. App. 596 (683 SE2d 141) (2009).

database for Block's Gainesville District.

Paramount and Squire appealed that order, and this Court reversed the first part of the injunction, based on our holding that the restrictive covenants in Squire's employment contract were unenforceable. *Paramount I*, supra, 299 Ga. App. at 601 (1). We affirmed the trial court's finding that Paramount and Squire had misappropriated information from Block's client database, but nevertheless vacated the second part of the injunction because it was overly broad and therefore afforded Block "protection to which it was not entitled under the Trade Secrets Act." Id. at 606 (3).

While the appeal from the trial court's order entering the injunction was pending, the trial court held Paramount and Squire in contempt for failing to abide by the injunction. They now appeal from that order.

In light of this Court's holding that "the trial court abused its discretion in granting the interlocutory injunction as issued[,] . . . the judgment of contempt based upon [that] invalid injunction must be and is reversed." *McKinnon v. Neugent*.[2] See also *American Med. Security v. Parker*[3] ("[b]ecause the injunction was invalid, appellants cannot be held in contempt for violating it"); *Caring Hands v. Dept. of Human Resources*[4] (where court vacated injunction for being overly vague and remanded the case to the trial court, it was compelled to reverse the finding of contempt, even where it appeared defendant had wilfully violated injunction).

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED SEPTEMBER 3, 2009.

*Stewart, Melvin & Frost, Jennifer I. Robertson, Mark W. Alexander*, for appellants.

*Balch & Bingham, J. Matthew Maguire, Jr., Robert F. Glass*, for appellee.

---

[2] *McKinnon v. Neugent*, 226 Ga. 331, 333 (174 SE2d 788) (1970).

[3] *American Med. Security v. Parker*, 279 Ga. 201, 204 (3) (612 SE2d 261) (2005).

[4] *Caring Hands v. Dept. of Human Resources*, 214 Ga. App. 853, 859 (2) (449 SE2d 354) (1994).