**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 26, 2016**

# In the Court of Appeals of Georgia

A15A2218. JASAREVIC v. FOSTER et al.

MILLER, Judge.

Nedzad Jasarevic appeals from the trial court's dismissal of his complaint against Dr. John Foster, III and Dominion Orthopaedic Clinic, LLC (collectively, "the Defendants"). He contends, inter alia, that Dr. Foster committed libel by falsely accusing him of committing a crime and, therefore, the trial court erred in dismissing his complaint. For the reasons set forth below, we find that the trial court properly concluded that the statements at issue were privileged and, as a result, Jasarevic could not prevail on his complaint. Consequently, we affirm.

"A motion to dismiss for failure to state a claim should be sustained if the allegations of the complaint reveal, with certainty, that the plaintiff would not be entitled to relief under any state of provable facts asserted in support of the

complaint." (Footnote omitted.) *LaSonde v. Chase Mortgage Co.*, 259 Ga. App. 772, 774 (1) (577 SE2d 822) (2003). "On appeal, this Court reviews the denial of a motion to dismiss de novo. However, we construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in [his] favor." (Citations, punctuation and footnote omitted.) *Liu v. Boyd*, 294 Ga. App. 224 (668 SE2d 843) (2008).

So viewed, the record shows that, in 2008, Jasarevic suffered an on-the-job injury and filed a workers' compensation claim. The State Board of Workers' Compensation appointed Dr. Foster as Jasarevic's authorized treating physician. In 2010, Dr. Foster concluded that Jasarevic could be released to full duty, although he continued to treat Jasarevic.

In 2012, Dr. Foster dictated a narrative report that became a part of Jasarevic's workers' compensation claim file. In the report, Dr. Foster indicated that Jasarevic, through a translator, had made threatening statements during an appointment and he considered Jasarevic a threat to him and his staff. The report also noted that Dr. Foster refused to treat Jasarevic any longer.

Jasarevic, appearing pro se, brought the instant suit, alleging that Dr. Foster's statements had prevented him from obtaining needed medical care. In his suit, Jasarevic sought damages as well as declaratory and injunctive relief. The Defendants

2

moved to dismiss Jasarevic's suit, contending that his complaint sounded in medical malpractice; that he had failed to attach the affidavit required by OCGA § 9-11-9.1 (a)[1]; and that statements made in workers' compensation proceedings are privileged and cannot serve as the basis for a libel claim. The trial court agreed and dismissed Jasarevic's complaint. This appeal ensued.

1. Jasarevic argues that the trial court erred in dismissing his complaint because Dr. Foster's statements regarding his threatening behavior constituted libel. We disagree.

Statements made by a physician in his or her medical records that are pertinent and material to a workers' compensation claim, such as the statements at issue here, are privileged as a matter of law and cannot serve as a basis for a claim of libel. See *Auer v. Black*, 163 Ga. App. 787, 789 (294 SE2d 616) (1982) (Statements made by a physician in his narrative report of his examination of a patient were privileged

---

[1] OCGA § 9-11-9.1 (a) provides as follows:
In any action for damages alleging professional malpractice against . . . [a] professional licensed by the State of Georgia and listed in subsection (g) of this Code section[,] . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

3

because they were made in the performance of his duties, were made to protect his interest in the matter, and were pertinent and material to the patient's workers' compensation claim. Therefore, the statements were not libelous as a matter of law.); OCGA § 51-5-8 (All allegations that are contained in regular pleadings filed in a court of competent jurisdiction are privileged as long as they are pertinent and material to the relief sought, and the allegations shall not be deemed libelous, even if they could be considered false and/or malicious in other circumstances.); see also OCGA § 51-5-7 (2) ("Statements made in good faith in the performance of a legal or moral private duty" are privileged.); (3) (Statements made in good faith in order to protect the speaker's interest in a matter in which he is concerned are privileged.).

Because the allegations of Jasarevic's complaint demonstrate with certainty that he would not be entitled to relief, and the Defendants have established that Jasarevic could not possibly introduce evidence within the framework of his complaint that would authorize a grant of the relief he seeks, the trial court properly dismissed his complaint. See *Stendahl v. Cobb County,* 284 Ga. 525 (1) (668 SE2d 723) (2008).

2. We do not reach the issue of whether the trial court erred in concluding that Jasarevic's complaint sounded in medical malpractice and must be dismissed due to

4

his failure to file an affidavit pursuant to OCGA § 9-11-9.1 (a), because our decision in Division 1, supra, renders the issue moot.

*Judgment affirmed. Andrews, P. J., and Branch, J., concur*.