THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RAILWAY EXPRESS AGENCY, INC., CHARLES GERCHARIO, EMIL H. MILLER, CHARLES A. HARRINGTON, FRANK REILLY, HOWARD BROEMS, EDWARD HALLORAN, THOMAS McCABE, MILTON MULHARE, JEREMIAH McCARTY, MICHAEL LONG, GEORGE BAUER, HERMAN GRIPES and JOHN MURRAY, Appellants.

Court of Special Sessions of the City of New York, Appellate Part, First Department, January 21, 1947.

Ralph M. Carson, C. C. Evans, Howard S. Tuthill and Aloysius J. Castellano for appellants.

John J. Bennett, Corporation Counsel (Seymour B. Quel and Stanley Buchsbaum of counsel), for respondent.

Per Curiam. The appeals herein are from judgments of conviction against the appellant Railway Express Agency, Inc., and thirteen individual appellants for violations of section 124 of the Traffic Regulations of the City of New York. The thirteen individual appellants were drivers of trucks for the appellant Railway Express Agency, Inc. All fourteen cases have been consolidated for the purposes of appeal and are being treated as one appeal.

Section 124 of the Traffic Regulations of the City of New York reads as follows: " Sec. 124. *Advertising vehicles.* No person shall operate, or cause to be operated, in or upon any street an advertising vehicle; provided that nothing herein contained shall prevent the putting of business notices upon business delivery vehicles, so long as such vehicles are engaged in the usual business or regular work of the owner and not used merely or mainly for advertising."

The appellant Railway Express Agency, Inc., for some time past has, by contract with an advertising agency and for valuable consideration, permitted the use of the space on the exterior sides of its numerous trucks plying the streets of the city of New York, for general advertising purposes unconnected with its business. The claim is made on this appeal that section 124 of the Traffic Regulations, correctly interpreted, does not prohibit such practice, and if it does, in such case the regulation is unreasonable and unconstitutional.

Insofar as the interpretation of the language of section 124 is concerned, the opinion of the Court of Appeals in *Fifth Ave. Coach Co.* v. *City of New York* (194 N. Y. 19) is controlling. In that case the method of advertising was exactly like that in the instant case, and the language of the ordinance in that case was substantially the same as the language of the regulation under consideration herein. The Court of Appeals held that the ordinance prohibited general advertising for hire whether carried on vehicles wholly used for advertising or in connection with the ordinary or usual business in which the vehicles were engaged; that business notices on vehicles were not prohibited so long as the vehicles were engaged in the usual business or regular work of the owner, but even such notices were prohibited on vehicles used merely or mainly for advertising. By business notices, undoubtedly was meant business notices relating to the business of the owner while the vehicle was being used in the course of the owner's business; otherwise the second part of the ordinance would tend to nullify the prohibition contained in the first part thereof.

The *Fifth Ave. Coach Co.* case (*supra*) was a suit in equity for an injunction against the enforcement of a penal ordinance. The court in its opinion referred to the fact that the legislative charter provisions of the Fifth Avenue Coach Company did not contain authorization to engage in general advertising for hire. Appellant contends that this implies a holding by the court that the plaintiff in that case had no standing in equity, and that this being a sufficient reason for ousting the plaintiff the remainder of the opinion was obiter dictum. With this we do not agree. The interpretation of the ordinance was among the main issues litigated and the court's opinion on this branch of the case constituted one of the several reasons for denying plaintiff the relief it sought. It was not obiter dictum. (*Matter of Broderick* v. *City of New York*, 295 N. Y. 363.)

The essential difference between the *Fifth Ave. Coach Co.* case (*supra*) and the instant one is that on this appeal we have before us a traffic regulation whereas in the *Fifth Ave. Coach Co.* case the court had a city ordinance under consideration. It is probably correct to say that an ordinance regulating the use of city streets may be sustained on broader grounds than a police department regulation which is adopted pursuant to the restrictive language of a provision of the New York City Charter, in this case section 435 thereof.

The pertinent part of section 435 of the Charter reads as follows: " Sec. 435. *Department; duties.* The police department * * * shall have the power * * * to * * * regulate, direct, control and restrict the movement of vehicular and pedestrian traffic for the facilitation of traffic and the convenience of the public as well as the proper protection of human life and health * * *. The commissioner shall make such rules and regulations for the conduct of pedestrian and vehicular traffic in the use of the public streets, squares and avenues as he may deem necessary * * *."

Appellant disputes the authority of the Police Commissioner to adopt section 124. Obviously, in order to sustain the validity of the regulation it must be found to come within the authority of the powers granted the Police Commissioner by section 435 of the Charter. In the *Fifth Ave. Coach Co.* case the court found that the display of advertising on vehicles passing through the public streets tends to congestion thereon and to some extent interferes with those engaged in business or having their homes thereon. If the appellants' trucks can be covered on the outside with advertisements for hire, then the business delivery vehicles of all other owners engaged in their usual business or regular work can rightfully do likewise. The court described in vivid language the effect of such advertising on cars and vehicles of many descriptions and in great numbers in producing congestion upon the streets.

An additional consideration of great importance is the matter of safety. It cannot be doubted that advertising on vehicles daily using the streets of the city do constitute a distraction to vehicle drivers as well as the pedestrian public and do affect the safety of the public in the use of the streets. This element of safety comes directly within the power of the Police Commissioner contained in section 435 of the Charter to regulate the movement of vehicular traffic for the convenience of the public -as well as the proper protection of human life and health.

The point is made that in view of the Police Commissioner's authority to regulate the " movement " of vehicular and pedestrian traffic, the traffic regulation must be construed to be directed only to the movement of vehicles operated for no purpose but to carry advertising and not to the movement of vehicles being used in the business of the owner and incidently carrying advertising. We see no important distinction between the two situations. If movement is prohibited in the one case it can be in the other, provided there is a reasonable basis for each restriction. The regulation prohibits the use of the streets by advertising vehicles of all kinds, whether merely or mainly used for advertising or for advertising not related to the owner's business but while the vehicle is being used in the course of his business. It is the advertising vehicle which is being restricted. It is not a matter of the extent to which a vehicle is used for advertising purposes.

The exception in the regulation permitting business notices of the owner on vehicles is a reasonable one. A distinction between general advertising for profit and business notices is a reasonable classification. (*Central Lumber Co.* v. *South Dakota,* 226 U. S. 157, 160; *Waldorf-Astoria Hotel Co.* v. *City of New York,* 212 N. Y. 97, 107–108; *People* v. *Klinck Packing Co.,* 214 N. Y. 121, 136–137.)

It is our conclusion that the regulation bears a reasonable relationship to the subject of traffic control and public safety and that it reasonably comes within the charter grant of power to the Police Commissioner. In our opinion, the regulation is constitutional.

Accordingly, the judgments are affirmed.

DE LUCA, P. J., NORTHROP and PERLMAN, JJ., concur.

Judgments affirmed.