■ MAHER KASEM et al., Respondents, v PHILIP MORRIS, USA, Appellant. [664 NYS2d 469] —In an action to recover damages for breach of contract and negligence, the defendant appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated November 8, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for negligence and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

"It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389; *see also, Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 29; *Schiavone Constr. Co. v Mayo Corp.*, 56 NY2d 667, *revg* 81 AD2d 221, *on dissenting opn of Silverman, J.; Suf-*

*folk Laundry Servs. v Redux Corp.,* 238 AD2d 577; *Key Int'l Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448, 451). The plaintiffs have not alleged that the defendant breached a legal duty independent of the contract (*see, Suffolk Laundry Servs. v Redux Corp., supra; Burnell v Morning Star Homes,* 114 AD2d 657), and therefore their cause of action to recover damages for negligence should be dismissed.

With respect to the plaintiffs' cause of action sounding in breach of contract, we note that the plaintiffs are entitled to recover only for such incidental damages as flow directly from, and are the probable and natural result of, the breach (*see, Kenford Co. v County of Erie,* 73 NY2d 312, 319; Uniform Commercial Code § 2-715 [1]), and for lost profits that are reasonably certain in amount and traceable with reasonable certainty to the breach (*see, Bibeau v Ward,* 228 AD2d 943; *Manniello v Dea,* 92 AD2d 426; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461; *R & I Elecs. v Neuman,* 66 AD2d 836; *Robert T. Donaldson, Inc. v Aggregate Surfacing Corp.,* 47 AD2d 852). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.