■ WARBURG, PINCUS EQUITY PARTNERS, L.P., Respondent, v MICHAEL DAVID KEANE, Appellant. WARBURG, PINCUS EQUITY PARTNERS, L.P., Respondent, v JAMES ISAAC VALENTINE, Appellant. [802 NYS2d 420]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered July 9, 2004, which, upon the prior grant of plaintiff's motion for summary judgment in lieu of complaint as against defendant Keane, awarded plaintiff $500,000, plus interest, and judgment, same court and Justice, entered July 9, 2004, which, upon the prior grant of plaintiff's motion for summary judgment in lieu of complaint as against defendant Valentine, awarded plaintiff $500,000, plus interest, unanimously affirmed, with separate bills of costs.

The subject agreements were amenable to relief under CPLR 3213, assuming that plaintiff adequately established failure to make payment according to their terms (*see DDS Partners v Celenza*, 6 AD3d 347, 348 [2004]). Each agreement contained an unequivocal and unconditional promise by the signatory defendant to repay plaintiff the funds loaned to him, and reference by defendants to extrinsic matters, such as dealings between plaintiff and QoS Networks Limited, has no bearing on the relevant issues (*see Warburg, Pincus Equity Partners, L.P. v O'Neill*, 11 AD3d 327 [2004]).

Although both defendants arguably established the existence

of an issue of fact as to whether a "sale" of the shares securing the loan occurred, triggering the repayment clause in the agreement, plaintiff, in each case, established the existence of two other events of default. Specifically, plaintiff received "legal advice" that the security was no longer enforceable, and defendants sued seeking to cancel the notes, and concomitantly, the security agreements, which actions served to accelerate the loan under clause 10.1.8.

Defendants' only opposition to the latter is based upon the purported unconscionability of the clause invoked by plaintiff in the agreements. This argument is unpreserved, but were we to consider it, we would find it without merit.

A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable, i.e., "some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (*Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10 [1988] [internal quotation marks omitted]). Neither defendant has made the requisite showing. Concur—Andrias, J.P., Friedman, Sullivan and Gonzalez, JJ.