(January 24, 2006)

■ WARBURG, PINCUS & COMPANY et al., Appellants, v QoS NETWORKS LIMITED, Respondent. [808 NYS2d 70]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered July 11, 2005, which granted plaintiffs' motion to renew and reargue their cross motion but upon renewal and reargument adhered to its prior determination, unanimously reversed, on the law, with costs, the order vacated and the motion to renew and reargue referred to Justice Herman Cahn. Order, same court and Justice, entered March 17, 2005, which denied plaintiffs' cross motion to consolidate this action with two other related cases currently pending before Justice Herman Cahn and stayed the action pending the outcome of a related action in Georgia, unanimously reversed, on the law, with costs, the order vacated and the cross motion referred to Justice Cahn.

The present litigation arises from the financing for QoS Networks Limited (QoS), an Irish closely held telecommunications company, its collapse during an industry-wide economic downturn in 2001, and an ensuing bankruptcy proceeding. In 2002, QoS commenced a tort action against Warburg in Georgia. Warburg then commenced a loan repayment action against one of its executives in Supreme Court, New York, which was assigned to Justice Herman Cahn (*see Warburg, Pincus Equity Partners, L.P. v O'Neill*, 11 AD3d 327 [2004]). In 2003, Warburg commenced actions in Supreme Court, New York County, against individuals involved in QoS's start-up financing. That same year, QoS commenced an action via its management shareholders against Warburg concerning the same loan agreements, and QoS's former minority shareholders commenced two other actions against Warburg, all in Supreme Court, New York County. All of these lawsuits were referred to Justice Cahn. The present action was commenced by Warburg against QoS in Supreme Court, New York County, based on allegations also arising from QoS's start-up loan financing. QoS thereafter moved to dismiss based on the pendency of the Georgia action, and in the accompanying request for judicial intervention only mentioned the Georgia action, omitting the series of related cases which had been commenced in New York and referred to Justice Cahn. This matter was assigned to Justice DeGrasse, who proceeded to decide QoS's motion, even though he was informed of the other actions pending before Justice Cahn and was asked to transfer this case. Warburg thereafter applied for review of Justice DeGrasse's decision to refuse to transfer this

case to Justice Cahn. In an administrative order of March 25, 2005, Hon. Jacqueline Silbermann granted Warburg's application, determined that this case was assigned to Justice DeGrasse in error, and directed the Motion Support Office to reassign this case to Justice Cahn. Ultimately, Justice DeGrasse refused to vacate his earlier disposition of QoS's motion. This was in error.

The IAS system requires that all motions shall be returnable and decided before the assigned judge (22 NYCRR 202.8 [a]). There is no question that Justice Silbermann had the authority to reassign the instant case to Justice Cahn, that but for QoS's failure to disclose the numerous and pending related cases this matter should and would have been assigned to Justice Cahn, and that Justice Cahn had the authority and duty to dispose of QoS's motion (CPLR 2221 [b]; see *Blasi v Boucher*, 30 AD2d 674 [1968]). Concur—Buckley, P.J., Tom, Andrias, Sullivan and Malone, JJ.