■ LAWRENCE DANIEL O'NEILL et al., Appellants, v WARBURG, PINCUS & COMPANY et al., Respondents. PHILIP BAILLIEU et al., Appellants, v WARBURG, PINCUS & COMPANY et al., Respondents. [833 NYS2d 461]—

Orders, Supreme Court, New York County (Herman Cahn, J.), entered January 26 and February 6, 2006, granting defendants' respective motions for summary judgment dismissing plaintiffs' claims for damages based on lost profits or the "salvageable" value of QoS, and dismissing the complaints, unanimously affirmed, with costs.

"[U]nder common-law rules matters of procedure are governed by the law of the forum" (*Martin v Dierck Equip. Co.*, 43 NY2d 583, 588 [1978]). The question whether plaintiffs had standing to bring this action is a procedural matter (*see Mertz v Mertz*, 271 NY 466, 473 [1936]). We reject their argument that the motion court erred in applying New York law, as opposed to Irish law, to this issue.

"An individual shareholder has no right to bring an action in his own name and in his own behalf for a wrong committed against the corporation" (*General Motors Acceptance Corp. v Kalkstein*, 101 AD2d 102, 106 [1984], *appeal dismissed* 63 NY2d 676 [1984]). A claim for diminution of the value of stock holdings is a derivative cause of action belonging to that corporation

and not to plaintiffs individually (*see Elghanian v Harvey*, 249 AD2d 206, 207 [1998]). Because the heart of the alleged injury is the diminution in the value of shares of QoS Networks Limited, a start-up company in which plaintiffs were minority shareholders, the argument that plaintiffs are entitled to bring a direct action against Warburg, the majority shareholder, is unavailing under New York law.

Nor do plaintiffs establish that Warburg's conduct falls inside the exception to the general rule for breach of fiduciary duty. A minority shareholder in a close corporation is owed a fiduciary duty by the majority shareholders. In *Richbell Info. Servs. v Jupiter Partners* (309 AD2d 288, 302 [2003]), we held that the majority could be in breach of its fiduciary duty to minority shareholders, even when exercising an express contractual right, if it acted malevolently and in bad faith, solely for its own gain, and in a manner not contemplated by the parties' agreement. There, under a "secret agreement," the defendant exercised a right malevolently for its own gain and to deprive the plaintiffs of the benefit of the joint venture. Here, by contrast, Warburg exercised its contractual right in exactly the manner contemplated by the parties. Warburg acted to protect its priority status in QoS's capital structure for which it had bargained and for which it had invested $30 million in the company. This fact, without more, places this case outside the exception created by *Richbell*.

We further reject plaintiffs' argument that Warburg breached its implied duty of good faith and fair dealing. Implicit in every contract is a promise of good faith and fair dealing, which is breached when a party "acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (*Jaffe v Paramount Communications*, 222 AD2d 17, 22-23 [1996]).

The crux of this claim is the default of certain loan agreements, which were the subject of three prior actions against Warburg for breach of these agreements. In each of these actions, we affirmed the motion court's grant of summary judgment in favor of Warburg, finding that plaintiffs received the benefit of their bargain under the loans (*see e.g. Warburg, Pincus Equity Partners, L.P. v Keane*, 22 AD3d 321 [2005], *lv denied* 6 NY3d 707 [2006]). Plaintiffs have failed to establish that Warburg breached its implied duty of good faith and fair dealing when plaintiffs defaulted on these loans.

In addition, to recover lost profits it must be demonstrated with certainty that such damages have been caused by the

breach, and the alleged loss must be capable of proof with reasonable certainty (*see Kasem v Philip Morris, USA*, 244 AD2d 532 [1997]). The lost profits may not be merely speculative, possible or imaginary (*see Kenford Co. v County of Erie*, 67 NY2d 257, 261 [1986]). A start-up commercial enterprise faces a stricter standard when seeking damages for lost profits "for the obvious reason that there does not exist a reasonable basis of experience upon which to estimate lost profits with the requisite degree of reasonable certainty" (*id.*). We reject plaintiffs' claim for lost profits damages on the ground that the evidence submitted was speculative.

To the extent plaintiffs seek to recover damages for their initial investment in QoS, that claim is unpreserved, and is, in any event, without merit.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Saxe, J.P., Williams, Buckley, Catterson and Malone, JJ.