| **Egorchenko v Paul** |
|:---:|
| 2024 NY Slip Op 33748(U) |
| October 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151752/2024 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      __HON. NANCY M. BANNON__      PART          **61M**

*Justice*

-------------------------------------------------------------------------------X

LARISA EGORCHENKO,

                        Plaintiff,

                    - v -

ALEKS PAUL and ESSEX GLOBAL TRADING, INC.,

                        Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151752/2024 |
| **MOTION DATE** | 07/02/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for                     DISMISS                .

## INTRODUCTION

In this action, the plaintiff, Larisa Egorchenko, seeks relief on three causes of action sounding in (1) promissory estoppel, (2) replevin, and (3) unjust enrichment. She alleges the defendants, Essex Global Trading, Inc. ("Essex") and its principal, Aleks Paul, failed to honor their promise to turn over certain valuable gemstones purchased with funds provided by her wholly-owned company, thereby denying her significant profits to which she was entitled. The defendants now move, pre-answer, to dismiss the complaint pursuant to CPLR 3211(a)(1), (a)(3) and (a)(7). The plaintiff opposes the motion and cross-moves, pursuant to CPLR 2201, to stay these proceedings or, alternatively, for leave to replead should the court determine that any of her three causes of action are insufficiently pleaded. The defendants oppose the cross-motion. The defendants' motion is granted and the plaintiff's cross-motion is denied.

## BACKGROUND

The following facts, which are accepted as true for purposes of the instant motion, are drawn from the allegations in the plaintiff's complaint, as well as documents referenced therein and submitted in support of the defendants' motion.

On May 14, 2018, Essex entered into a Memorandum of Understanding (the "MOU") with Finstore Trading Limited ("Finstore"), a private company incorporated in Belize, which is

**151752/2024  EGORCHENKO, LARISA vs. PAUL, ALEKS ET AL**
**Motion No.  001**

**Page 1 of 7**

wholly-owned and funded by the plaintiff. Essex, which owed Finstore $9,500,000 from a prior transaction, agreed to purchase two diamonds at auction from Christie's, re-sell the diamonds, and use the proceeds of the resale to repay the debt owed to Finstore, plus a share of any remaining profits.

Two days later, on May 16, 2018, Essex purchased a white diamond (the "'50 Diamond") for $6,508,507. On June 18, 2018, Essex entered into a Joint Purchase Agreement with Finstore (the "First JPA"), which specified that the '50 Diamond was covered by the MOU and detailed the terms upon which it would be resold and the proceeds of the resale distributed. On August 21, 2018, Essex entered into another Joint Purchase Agreement with Finstore (the "Second JPA"), which specified that another diamond (the "'33 Diamond") purchased by Essex for $2,292,500 prior to the execution of the MOU, was also covered by the MOU and would similarly be resold to fund the repayment of Essex's outstanding debt to Finstore.

In late August 2018, after purchasing the '50 and '33 Diamonds for a total of $8,871,007, Essex paid Finstore $628,993, the difference between the total purchase price of the two diamonds and the $9,500,000 owed to Finstore. However, by September 2022, the plaintiff became aware that the defendants were not undertaking efforts to re-sell the diamonds and had, in fact, turned down an offer to purchase the '33 Diamond at a profitable price. The plaintiff thereupon confronted the defendants and offered them the option to tender the stones to her and allow her to sell them herself, in which case she would share any profits with Essex in accordance with the MOU. The defendants agreed in principle, but informed the plaintiff that the diamonds had been consigned to Cartier in Hong Kong and thus could not be transferred to her. However, the defendants promised to transfer the stones to the plaintiff by December 31, 2022.

The plaintiff alleges that, in reliance on this promise, she expended time and money to procure a buyer and successfully obtained a bona fide offer to purchase the '50 Diamond for $7,570,500. However, during a subsequent meeting between the parties in January 2023, the defendants refused to transfer the diamonds to the plaintiff, stating that the stones remained on consignment to Cartier in Hong Kong, though they refused to show the plaintiff any written confirmation of the consignment. As a result, the plaintiff's prospective buyer was unable to physically inspect the '50 Diamond and withdrew their purchase offer. The plaintiff alleges, without support, that the defendants have sold both diamonds and are wrongfully withholding from her the sale proceeds. This action and the instant motions ensued.

**151752/2024   EGORCHENKO, LARISA vs. PAUL, ALEKS ET AL**
**Motion No.  001**

Page 2 of 7

<u>DISCUSSION</u>

(1) <u>Defendants' Motion</u>

    A.  <u>CPLR 3211(a)(3)</u>

On a defendant's motion to dismiss under CPLR 3211(a)(3) upon plaintiff's alleged lack of standing, the burden is on the defendant to establish, *prima facie*, that the plaintiff lacks standing to sue as matter of law. <u>See</u> <u>Brunner v Est. of Lax</u>, 137 AD3d 553, 553 (1st Dept. 2016); <u>Credit Suisse Financial Corp. v Reskakis</u>, 139 AD3d 509, 510 (1st Dept. 2016). If this burden is met, the burden shifts to the plaintiff to raise a triable issue of fact as to its standing. <u>DLJ Mtge. Capital v Mahadeo</u>, 166 AD3d 512, 513 (1st Dept. 2018). A party who seeks to establish standing must show "injury in fact, that is, an actual stake in the matter to be adjudicated," and that the court has before it a justiciable controversy. <u>Lucker v Bayside Cemetery</u>, 114 AD3d 162, 169 (1st Dept. 2013).

It is settled law that a corporation exists independently of its owners, as a separate legal entity. <u>See</u> <u>Morris v New York State Dept. of Taxation and Finance</u>, 82 NY2d 135, 140 (1993); <u>Sutton 58 Assocs. LLC v Pilevsky</u>, 189 AD3d 726 (1st Dept. 2020); <u>Joan Hansen & Co., Inc. v Everlast World's Boxing Headquarters Corp.</u>, 296 AD2d 103, 109 (1st Dept. 2002). Consequently, "[a]n individual shareholder has no right to bring an action in his own name and in his own behalf for a wrong committed against the corporation." <u>O'Neill v Warburg, Pincus & Co.</u>, 39 AD3d 281, 281 (1st Dept. 2007). "This is true regardless of the level of the shareholders' interest in the corporation: 'The fact that an individual closely affiliated with a corporation (for example, a principal shareholder, or even a sole shareholder), is incidentally injured by an injury to the corporation does not confer on the injured individual standing to sue on the basis of either that indirect injury or the direct injury to the corporation.'" <u>MatlinPatterson ATA Holdings LLC v Federal Express Corp.</u>, 87 AD3d 836, 839 (1st Dept. 2011), <u>quoting</u> <u>New Castle Siding Co. v Wolfson</u>, 97 AD2d 501, 502 (2nd Dept. 1983); <u>see</u> <u>Ullman v Hillver</u>, 106 AD3d 579 (1st Dept. 2013). An individual shareholder plaintiff "may not obtain a recovery that otherwise duplicates or belongs to the corporation[,]" and "even where an individual harm is claimed, if it is confused with or embedded in the harm to the corporation, it cannot separately stand." <u>Serino v Lipper</u>, 123 AD3d 34, 40 (1st Dept. 2014), <u>citing</u> <u>Abrams v Donati</u>, 66 NY2d 951, 953-54 (1985) and <u>Herbert H. Post & Co. v Sidney Bitterman, Inc.</u>, 219 AD2d 214, 225 (1st Dept. 1996).

Here, the complaint fails to allege facts that, taken as true, would suffice to establish the plaintiff's standing to sue, as there is no alleged harm to the plaintiff that is independent of the harm alleged to Finstore. All three of the plaintiff's causes of action hinge on the plaintiff's

**151752/2024   EGORCHENKO, LARISA vs. PAUL, ALEKS ET AL**
**Motion No. 001**

**Page 3 of 7**

3 of 7

purported individual interest in the '33 and '50 Diamonds. However, the plaintiff alleges no facts demonstrating that she has any personal interest in the subject diamonds, as there is no allegation that the defendants contracted with her or made any promises to her in her individual capacity rather than in her capacity as a corporate representative of Finstore. Moreover, the defendants submit copies of the MOU and the First and Second JPAs, which name only Essex and Finstore as contracting parties, thereby demonstrating that the plaintiff was not personally a party to any of these agreements. Indeed, the plaintiff did not sign any of these agreements nor do any of the agreements even mention her name.

To the extent the plaintiff contends the defendants' alleged promise, in or about September 2022, that they would transfer the '33 and '50 Diamonds to her possession by the end of that year, was made to her personally, and not in her capacity as a corporate representative, the contention is belied by her own allegations. The complaint itself expressly frames this promise as, in effect, an extension of the contractual relationship between Essex and Finstore, alleging that the subject promise was meant to facilitate the plaintiff's sale of the diamonds, after which she would "remit a share of any profit to Essex in accordance with the terms of the MOU." Given that the plaintiff was not a party to the MOU, logic dictates that she had no basis to take any action pursuant to its terms except in her capacity as a corporate representative.

The defendants have thus demonstrated, *prima facie*, that the plaintiff lacks standing, as she has no personal interest in either the subject diamonds or the proceeds from their sale—her only possible interest therein being entirely derivative of Finstore's interest—and any injury to the plaintiff resulting from the defendants' alleged failure to transfer possession of the diamonds or remit a share of their sale proceeds would be only an indirect and incidental consequence of the direct injury suffered by Finstore. See MatlinPatterson ATA Holdings LLC v Federal Express Corp., supra; O'Neill v Warburg, Pincus & Co., supra. The plaintiff's arguments to the contrary are unavailing.

B. CPLR 3211(a)(1) and (a)(7)

Dismissal under CPLR 3211(a)(1) is warranted where the documentary evidence submitted "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim." Fortis Financial Services, LLC v Fimat Futures USA, 290 AD2d 383, 383 (1st Dept. 2002); see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431 (1st Dept. 2014). A document qualifies as "documentary evidence" only if: (1) it is

**151752/2024   EGORCHENKO, LARISA vs. PAUL, ALEKS ET AL**                      **Page 4 of 7**
**Motion No.  001**

4 of 7

[* 4]

"unambiguous"; (2) is of "undisputed authenticity"; and (3) its contents are "essentially undeniable." VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189 (1st Dept. 2019). Here, the defendants submit the MOU and the First and Second JPAs, which, as discussed below, conclusively establish that none of the plaintiff's causes of action are viable.

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action." 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-52 (2002). To determine whether a pleading adequately states a cause of action, the court must "liberally construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference" (id. at 152; see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881 [2013]; Simkin v Blank, 19 NY3d 46 [2012]), and determine only whether the facts as alleged fit within any cognizable legal theory (see Hurrell-Harring v State of New York, 15 NY3d 8 [2010]; Leon v Martinez, 84 NY2d 83 [1994]).

(i) Promissory Estoppel: The plaintiff's first cause of action for promissory estoppel seeks to recover approximately $9.6 million in damages for time and money expended to procure a buyer for the diamonds in reliance on the defendants' promise to turn the diamonds over to her by December 31, 2022. To plead a claim for promissory estoppel, the complaint must allege: "'(1) a promise that is sufficiently clear and unambiguous; (2) reasonable reliance on the promise by a party; and (3) injury caused by the reliance.'" Schroeder v Pinterest Inc., 133 AD3d 12, 32 (1st Dept. 2015), quoting MatlinPatterson ATA Holdings LLC v Federal Express Corp., supra at 841–42. Here, the complaint fails to adequately allege how the plaintiff was personally injured by reason of her reliance on the defendants' purported promise. While the complaint alleges that the plaintiff, "[i]n reliance on [the defendants'] promise . . . expend[ed] time and money to locate a buyer," and that said buyer was lost when the diamonds were not delivered as promised, there are no facts alleged to suggest that this expenditure and lost opportunity represents a personal injury to the plaintiff rather than an injury to Finstore, which, as already discussed, was the actual promisee and the entity actually entitled to share in the proceeds of any completed sale pursuant to the terms of the MOU and the First and Second JPAs. In any event, a claim for promissory estoppel is barred by the alleged existence of a contract. ID Beauty S.A.S. v Coty Inc., 164 AD3d 1186 (1st Dept. 2018); Susman v Commerzbank Capital Markets Corp., 95 AD3d 589 (1st Dept. 2012).

151752/2024   EGORCHENKO, LARISA vs. PAUL, ALEKS ET AL
Motion No. 001

Page 5 of 7

INDEX NO. 151752/2024

RECEIVED NYSCEF: 10/22/2024

Additionally, the promissory estoppel claim fails insofar as it is asserted against defendant Paul individually because the complaint fails to allege that Paul took any actions in his individual capacity, outside his capacity as an officer of Essex. See Medina v Jet Aviation Holdings USA, Inc., 221 AD3d 460, 461 (1st Dept. 2023); Worthy v New York City Hous. Auth., 21 AD3d 284, 286-87 (1st Dept. 2005). Indeed, the MOU and the First and Second JPAs were unambiguously signed by Paul in his capacity as an officer of Essex, and not in his personal capacity. As such, any alleged promise by Paul to transfer to plaintiff possession of the subject diamonds acquired and/or held by Essex pursuant to the terms of these contracts could likewise only have been made in his corporate capacity. Therefore, the first cause of action for promissory estoppel is dismissed pursuant to CPLR 3211(a)(1) and (a)(7).

(ii)    Replevin: To state a claim for replevin, the second cause of action, the complaint must allege that the plaintiff "owns specified property, or is lawfully entitled to possess it, and the defendant has unlawfully withheld the property from the plaintiff." Stewart Family LLC v Stewart, 184 AD3d 487, 490 (1st Dept. 2020). Once again, the plaintiff's allegations, as well as the documentary evidence submitted by the defendants, establish that the plaintiff does not personally have an ownership or possessory interest in the subject diamonds but is instead improperly suing upon Finstore's interest therein. Therefore, the second cause of action for replevin is dismissed pursuant to CPLR 3211(a)(1) and (a)(7).

(iii)    Unjust Enrichment: The third cause of action for unjust enrichment requires the plaintiff to allege that: "(1) the defendant was enriched, (2) at plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." Schroeder v Pinterest Inc., supra at 26. The plaintiff alleges the defendants are unjustly enriched by refusing to turn over the diamonds. However, as already discussed, plaintiff does not allege any personal interest in the diamonds and the documentary evidence submitted demonstrates that she has none. As such, the defendants' continued possession of said diamonds would be at Finstore's expense, if anyone's, and not at the expense of the plaintiff. Moreover,  parties generally may not recover upon a quasi-contractual theory where they have a valid, enforceable contract that governs the same subject matter as the quasi-contractual claim.  See Clark-Fitzpatrick, Inc. v Long Island Rail Road Co., 70 NY2d 382 (1987). The unjust enrichment cause of action must be dismissed as against individual defendant Paul on an additional ground. There is no allegation that he has been personally enriched in any way, and the documentary evidence demonstrates that Essex, and not Paul individually, acquired and

held the subject diamonds pursuant to its contracts with Finstore. Therefore, the third cause of action for unjust enrichment is dismissed pursuant to CPLR 3211(a)(1) and (a)(7).

(2) Plaintiff's Cross-Motion

Because the plaintiff lacks standing to bring this action, her cross-motion, pursuant to CPLR 2201, to stay this action or, alternatively, for leave to replead, is denied. The plaintiff seeks a stay so that foreign council in Belize may restore Finstore, which is no longer an active company, to the roster of active corporations and then reassign to the plaintiff, in her personal capacity, Finstore's rights to the subject diamonds. However, a stay will not allow the plaintiff to cure her lack of standing, as "[s]tanding is . . . a threshold determination" that must be assessed at the time a litigation is commenced. Roberts v Health and Hospitals Corp., 87 AD3d 311, 318 (1st Dept. 2011).

The court has considered the plaintiff's remaining contentions and finds them unavailing.

CONCLUSION

Accordingly, upon the foregoing papers, it is

ORDERED that the defendants' motion to dismiss the complaint is granted and the complaint is dismissed in its entirety pursuant to CPLR 3211(a)(1), (a)(3) and (a)(7), and it is further

ORDERED that the plaintiff's cross-motion is denied; and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.

20241022210821NBANNON22B9953F7D1441EDAF641F49300ADB44

__10/22/2024__
DATE

NANCY M. BANNON, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151752/2024   EGORCHENKO, LARISA vs. PAUL, ALEKS ET AL**
**Motion No.  001**

Page 7 of 7

7 of 7